**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

MARK STEVEN FITCH, individually, and
as Personal Representatives of the Estate of
MARK STEVEN FITCH, JR., and
PATRICIA FITCH, individually, and as
Personal Representatives of the Estate of
MARK STEVEN FITCH, JR.,

                  **Plaintiffs,**

-vs-                                                    Case No. 2:03-cv-465-FtM-DNF

SHERIFF MIKE SCOTT, in his official
capacity as the Sheriff in and for Lee
County,

                  **Defendant.**
_____/

## ORDER AND OPINION

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, MIKE SCOTT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 199)** |
| **FILED:** | December 13, 2005 |
| | **THEREON** it is **ORDERED** that the motion is **GRANTED**. |

The Defendant, Mike Scott in his official capacity as Sheriff in and for Lee County, Florida filed his Motion for Summary Judgment arguing that based upon the prior jury verdict in favor of Deputy Chad Edwards, the claim for wrongful death against Sheriff Scott is no longer viable. The Plaintiffs, Mark Steven Fitch and Patricia Fitch, individually and as Personal Representatives of the

Estate of Mark Steven Fitch, Jr., do not dispute that the claim against Sheriff Scott can no longer be asserted, and request that they be permitted to amend the complaint.[1]

**Brief History of Case**

On March 21, 2003, Deputy Chad Edwards while off-duty shot and killed Mark Steven Fitch, Jr. after Mr. Fitch approached and hit Deputy Chad Edwards' vehicle with a metal pipe. The Plaintiffs filed an initial Complaint, an Amended Complaint, and then the operative Second Amended Complaint. Prior to trial, the District Court granted summary judgment in favor of the Defendants on Count 1 (§1983 against Sheriff Scott in his Official Capacity) and Count III (§1983 conspiracy against Defendants Edwards, Flynn and Mingione in their Individual Capacities). (See, Order, Doc. 98 dated August 10, 2005). On the first day of trial, it was determined that the Plaintiffs had failed to properly notify and serve the Department of Financial Services as is required under Fla. Stat. §§768.28(6)(a) and (7). As a consequence, the Court stayed Count IV (wrongful death claim against Sheriff Scott[2] in his official capacity).

Two jury trials were held. The first trial resulted in a hung jury. The Court began the second jury trial on the remaining claims, Counts II (§1983 claim against Chad Edwards in his individual capacity) and Count V (wrongful death claim against Chad Edwards, individually). On the third day of trial, the Court granted Plaintiffs' oral Motion to Dismiss Count V (wrongful death claim against Chad Edwards, individually). (See, Doc. 133). The jury reached a verdict in favor of Chad Edwards

---

[1] The Plaintiffs filed a separate Motion to Amend (Doc. 208) and the Court will address the issues raised concerning amending the complaint when it determines that motion.

[2] Sheriff Scott was substituted for Sheriff Rodney Shoap.

in his individual capacity as to Count II of the Second Amended Complaint. (See, Doc. 194). The jury found by a preponderance of the evidence that Chad Edwards did not intentionally use excessive or unnecessary deadly force against Mark Steven Fitch, Jr. which violated his federal constitutional rights. The only claim remaining is Count IV, the wrongful death claim against Sheriff Mike Scott in his official capacity.

**Standard for Summary Judgment**

Under Fed.R.Civ.Pro. 56(c) a motion for summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden of establishing the absence of a genuine material fact is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) A fact is "material" if it may affect the outcome of the suit under governing law. *Id*.

Once this burden is met the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Celotex Corp*., 477 U.S. at 324, *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 840 (11th Cir. 2000) In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case,

and the elements on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322, *Hilburn v. Murata Elecs. N. Am., Inc.* 181 F.3d 1220, 1225 (11th Cir. 1999). When the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has the burden of proof, the moving party is entitled to a judgment as a matter of law. *Anderson*, 477 U.S. 248.

In making this determination, the Court must view all of the evidence in a light most favorable to the non-moving party and resolve all reasonable doubts in that party's favor. *Johnson v. Booker T. Washington Broad. Servs., Inc.* 234 F.3d 501, 507 (11th Cir. 2000), *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989), *Samples on Behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The Court does not weigh conflicting evidence or make credibility determinations. *Hilburn*, 181 F.3d at 1225 (11th Cir. 1999). "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." *Tullius v. Albright,* 240 F.3d 1317, 1320 (11th Cir. 2001), *citing*, *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 (11th Cir. 1982).

**Analysis**

Sheriff Scott argues that a claim cannot be asserted against him in his official capacity under Fla. Stat. §768.28(9). Any claim against him would be under a theory of vicarious liability. The jury found that Chad Edwards did not use excessive or unnecessary deadly force, therefore, Sheriff Scott argues that he cannot be vicariously liable when the verdict was in favor of Chad Edwards. The Plaintiffs concede that the present claim for wrongful death against Sheriff Scott is not sustainable after the jury verdict.

**Conclusion**

The Court grants summary judgment in favor of Sheriff Mike Scott as to Count IV of the Second Amended Complaint.

---

**MOTION:** MOTION TO AMEND (Doc. No. 208)

**FILED:** February 6, 2006

---

**THEREON** it is **ORDERED** that the motion is **DENIED**.

---

The Plaintiffs are requesting that the Court permit them to amend their Second Amended Complaint to assert a claim of negligence against Sheriff Mike Scott. Sheriff Scott objects arguing that the date to amend pleadings has passed and that it would be prejudicial to allow the Plaintiffs to amend the Second Amended Complaint.

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires." The decision whether to permit an amendment is within the sound discretion of the court, however, the Supreme Court has held that the words "leave shall be freely given" must be heeded. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Consequently, the Court must find a justifiable reason in denying a request for leave to amend. *Id*. "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Florida State Fair Authority*, 875 F.Supp. 812 (M.D. Fla., 1995), citing *Foman*, 317 U.S. at 182, *See also*, *Carruthers*

*v. BSA Advertising, Inc.*, 357 F.3d 1213, 1217 (11th Cir. 2004). A court may deny a motion for leave to amend if the court finds undue delay and undue prejudice to the defendants. *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000).

In the instant case the deadline to amend has passed, summary judgment has been entered on some claims, one claim was dismissed, and a jury trial was held on one claim. It is clearly prejudicial to Sheriff Scott to allow the Plaintiffs to change their theory of the case at this late date. Further, the proposed Third Amended Complaint no longer has a federal claim in it, and without a federal claim this Court has no jurisdiction. The Plaintiffs cite to 28 U.S.C. §1367 claiming that the Court has supplemental jurisdiction. A federal court only has supplemental jurisdiction when it first has original jurisdiction. Pursuant to 28 U.S.C. §1331, district courts have original jurisdiction in actions that arise "under the Constitution, laws, or treaties of the United States." The proposed Third Amended Complaint only contains a state law claim, therefore allowing the amendment would be futile. The Court finds undue delay in requesting leave to amend, prejudice to Sheriff Scott, and further finds that the proposed amendment would be futile. Therefore, the Court determines that leave to amend is due to be denied.

**IT IS FURTHER ORDERED:**

1) The Clerk is directed to enter judgment in favor of Sheriff Mike Scott as to Count IV of the Second Amended Complaint, and terminate all pending motions and deadlines.

2) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this   28th   day of February, 2006.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record